In the Matter of ROGER H. HARPER, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 16, 1979

**APPEARANCES OF COUNSEL**

*Donald E. Humphrey (Robin J. Kahn* of counsel), for petitioner.

*Roger H. Harper,* respondent *pro se.*

## OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on March 4, 1946. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the Referee to whom the issues were referred for hearing and report.

The Referee found, *inter alia,* that the respondent failed to appear on the return date of a petition for an order directing him to settle his account as executor; that the respondent, after being served with a citation to appear regarding the revocation of letters testamentary which had been issued to him, failed to appear on the return date; that after objections were filed concerning the respondent's accounting, the letters testamentary were revoked and the respondent, after being duly served, was directed to deliver to the administrator two bearer bonds valued at approximately $40,000 in the aggregate, and other estate assets, which he failed to do; that the respondent willfully removed estate property from the State and converted the bearer bonds to his own use; and that the respondent failed to comply with an order of the Surrogate's Court surcharging him more than $63,000 for improper disbursements, for interest due to failure to properly invest funds, and for the value of the bonds, including interest thereon.

After reviewing all of the evidence, we are in full agreement with the report of the Referee. The petitioner's motion to confirm said report is therefore granted.

In determining the appropriate measure of discipline to be imposed, we have taken into consideration certain mitigating factors, including the respondent's contention that he no longer practices law in New York State. Under all of the circumstances, it is our opinion that the respondent should be, and he hereby is, suspended from the practice of law for the period of five years, commencing September 1, 1979, and until the further order of this court.

MOLLEN, P. J., TITONE, RABIN, GULOTTA and MANGANO, JJ., concur.